Mr. Justice Merrick
delivered the opinion of the Court:
The Court is of opinion that the jurisdiction conferred upon this Court to take cognizance of causes upon certificate from a justice holding a Special Term in the first instance, is a totally distinct jurisdiction from the appellate jurisdiction of this Court. This Court is but one, distributable for convenience into Special Terms among the several judges, but still it is one Court; and the distribution of the business of the Court between Special and General Terms is a distribution for the convenient dispatch of business, and not jurisdictional in itself.
Now, there are a great many questions which by reason, of the limitation on taking appeals, never can come up directly on appeal, and yet the questions that are to be decided in those unappealable cases are as momentous in *531 their far reaching operation upon society as cases involving larger amounts of money, oftentimes, indeed, more momentous.
It would be a very scandalous thing if a question is one that is capable of diversity of opinion and cannot in the ordinary process-be reached by an appeal (for instance, in these landlord and tenant cases, which come before the Court in the manner prescribed by the statute), that such question could never be brought here, when one judge before whom it arises might give one opinion upon the law, and when a similar case comes up in the circuit another judge might give a different one. So that to prevent these divers opinions about the law, the question ought to be finally settled and determined; and we think it was with a view to the importance of observing uniformity in the proceedings of this Court that special provision has been made that where, in his judgment, the justice holding a Special Term finds a case to be so momentous that it is difficult for him to reach a just conclusion — at least so momentous that it is desirable for him to have the benefit of all the additional judicial aid that hé can have to a right determination — he should have the privilege of certifying that case to the General Term to be heard in the first instance, in order that the advice of the whole judicial tribunal may unite in a determination of the question; and wherever the necessity arises we think that additional aid should be taken in that mode. It is totally different from an appeal, and it does not do to say that because it operates just like an appeal in a given instance it is a substitute for an appeal; for if an exigency arises and the administration of justice demands the authoritative determination of a case because of its importance, whether it be appealable or nonappealable, we think that public policy and the convenience of the administration of justice and the desirability of uniformity of opinion would move ús, if the thing were *532 less doubtful than, it is, to have that interpretation put upon it. But it is entirely, as we think, within the terms and provisions of the statute itself.
Nowr, the distribution of the jurisdiction of this Court, as respects the subject of hearing causes in the first instance, and the matter of hearing causes on appeal is to be found in Sections 770, 800, Rev. Stat. D. C.
Section 770 says: “The Supreme Court in General Term” (and there is no previous prescription or limitation, we may remark, to the jurisdiction of this Court ini General Term, it has no limitation ipsissimis verbis anywhere; it has the; whole power conferred upon it), “shall adopt such rules as it may think proper to regulate the time and manner of making appeals from the Special Term to the General Term; and may prescribe the terms and conditions upon which such appeals may be made; and may also establish such other rules as it may deem necessary for regulating the practice of the Court, and from time to time revise and alter such rules. It may also determine by rule what motions shall be heard at a Special Term, as non-enumerated motions, and what motions shall be heard at a Special Term in the first instance.”
Section 800 declares: “Non-enumerated motions in all suits and proceedings at law and in equity shall first be heard and determined at Special Terms. Suits in equity not triable by jury shall also be heard and determined at Special Terms. But the justice holding such Special Term may, in his discretion, order any such motion or suit to be heard, in the first instance, at a General Term.”
Now, there is the plenary power conferred upon the justice in Special Term, to certify any- order or motion to be heard in the first instance at a General Term. The distinction between enumerated and non-enumerated motions in the rule (and wre cite this for the purpose of showing that there is no inconsistency between the statute and the rule) is as follows:
*533 “Rule 99. The following are enumerated motions, and shall be heard in the General Term in the first instance; motions for a new trial upon a bill of exceptions or on a case; applications for judgment on a special verdict; applications for judgment on a verdict taken subject to the opinion of the Court; motions ordered by the justice holding a circuit court or Special Term to be heard in the General Term in the first instance.”
Now, the last class of motions standing by themselves would properly be non-enumerated motions; because motions standing by themselves, to be enumerated motions are either motions for a new trial, applications for judgment on a special verdict, or applications for judgment on a verdict taken subject to the opinion of the Court. These are the only three motions that are made enumerated motions as such primarily; but any motion that is certified by the judge, although it belong to that class of motions known as non-enumerated motions, becomes by the order an enumerated motion to be heard by the General Term in the first instance. Now, thus it is seen that the statute and the rule reconcile themselves one to the other; and we think reconcile themselves to the policy of the law, which is that this Court being a unit the justice who holds a Special Term ought to be entitled to the benefit of the judgment of his brethren in any case of doubt or difficulty. Is not that in perfect analogy to the common practice of the Courts of Kings Bench and Common Pleas of England, which must have • been in the minds of those who made this law? If there were a doubtful question on a motion for a new trial the judge reserved the question to be heard by the Court in Banc, and that is precisely ' what we have here, though under a different name. The justice below finds a case of difficulty, and although he has full and ample jurisdiction to decide the case for himself, yet in his judgment, under his official and legal responsibility, he *534 deems it necessary for purposes of justice that the case should be more solemnly considered and more thoroughly sifted by the judges constituting the Appellate Court, viz., the whole bench, and therefore he certifies it. Now, though it is said that this presents a danger of repealing the law which limits appeals, and of bringing up every case of appeal from the justice of the peace to this Court in the first instance, that is not so, because credit must be given to the justice holding a Special Term that he will not improvidently, negligently, or for the purpose of avoiding responsibility, send cases up here. But upon his responsibility and judgment that this is a case of importance, although it may be a case small in amount, he sends it here for advice, in order that there may be uniformity in the administration of the law; and we hold, therefore, that it is due to the law and to the proper administration of j ustice that this interpretation should be made, as it violates no terms of the statute, no provision of any rule of Court, but tends to the promotion of the administration of justice. So much therefore for the jurisdiction of "this cause. We hold the jurisdiction to be unassailable.
Then as to the interpretation of this statute relating to landlord and tenant. The justices before whom this case has been heard are agreed that there is no limitation, so far as the present case is concerned, on the provisions of Section 680 by reason of the qualifications contained in Section 682. Those qualifications we think do not apply to a case circumstanced as is the present controversy. The contracts spoken of in Section 682 refer to tenancies at will, or indefinite tenancies created for the time being, and under the old law designated as tenancies from year to year; and none of those unless actually existing at the passage of the act, would be a tenancy from year to year, preserved by the qualifying provision. So, also, as to the words “ tenancy exisiting prior to July 4, 1864.” We do not think that *535 those words apply to this case, because the tenancy under the contract, to which alone the statute would be applicable, afterwards became exhausted, and the tenancy under which this defendant now seeks to protect himself is a new and independent tenancy arising after such exhaustion, and ■was created by the tacit parol contract of the parties after the expiration of the original tenancy. This case, therefore, does not come under the operation of the qualification. It is entirely out of both the letter and spirit — and we may add out of the equity — of Section 682. And for these reasons without going into the case further, the Court is of opinion that the notice to quit, of thirty days, ought to have been admitted in evidence at the trial; and if the other phases of the case were satisfactory the writ should have been issued for the purpose of ousting the defendant.

Accordingly a new'trial is ordered.